# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| KYLL LAVALAIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 10454 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| THE VILLAGE OF MELROSE PARK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

When plaintiff Sergeant Kyll Lavalais ("Sgt. Lavalais"), a police officer, was ordered by

his employer, defendant Village of Melrose Park ("Melrose Park"), to move to Melrose Park

within 12 months lest he lose his job, Sgt. Lavalais filed suit here. Before the court are: (1)

Lavalais's motion for preliminary injunction and to hold defendant in contempt; and (2)

defendant's motion to dismiss. For the reasons set forth below, plaintiff's motion is denied.

Defendant's motion is granted in part and denied in part.

## I.      BACKGROUND

For purposes of the motion to dismiss, the court takes as true the allegations in plaintiff's

complaint. In considering the motion to dismiss, the court considers only the facts alleged in the

pleadings, but the pleadings include both exhibits to the pleadings and documents referred to in

plaintiff's complaint that are central to his claim. Fed.R.Civ.P. 10(c); *EEOC v. Concentra*

*Health Serv., Inc.*, 496 F.3d 773, 778 (7th Cir. 2007).

Sgt. Lavalais has been a police officer with Melrose Park since 1992 (although he alleges

his hiring was retroactive to 1987). On September 1, 2016, Melrose Park informed plaintiff (via

letter) that the terms of a Collective Bargaining Agreement (the "CBA") require Sgt. Lavalais to

reside in Melrose Park. Melrose Park ordered Sgt. Lavalais to "reestablish residency within the

Village of Melrose Park within one year from the date of this letter" or "be subject to

disciplinary action, up to and including discharge." Melrose Park further ordered Sgt. Lavalais

to "communicate" within 30 days "his intention to comply with" the order to move to Melrose

Park or he would "be subject to charges for insubordination and for violation of the residency

requirement."

Plaintiff filed suit here, alleging, among other things, that defendant discriminated against

him on the basis of his race (black) in violation of 42 U.S.C. § 1981.

Sgt. Lavalais also alleges that defendant's action violates a consent decree entered in

1987 in the case of *USA v. Village of Melrose Park*, case no. 85-C-10493. Prior to the entry of

the consent decree, Melrose Park had limited its consideration of applicants for the position of

police officer to only those individuals who had resided in Melrose Park for five years. The

complaint in case no. 85-C-10493 alleged that the residency requirement was "intended to

exclude and did disproportionately exclude African Americans from municipal employment."

*Franz v. Village of Melrose Park*, Case No. 92 C 1588, 1992 WL 198931 at *1 (N.D. Ill. Aug.

12, 1992). On or about August 4, 1987, Judge Marshall signed a consent decree ending case no.

85-C-10793. The consent decree stated, in relevant part:

> It is hereby ORDERED, ADJUDGED AND DECREED that the defendant,
> Village of Melrose Park, Illinois, its officers, trustees, employees, agents and all
> persons acting in concert with them (hereinafter "Melrose Park" or "the Village")
> are permanently enjoined and restrained from engaging in any act or practice
> which has the purpose or effect of unlawfully discriminating against blacks in the
> recruitment or hiring of employees or in other terms and conditions of
> employment. Melrose Park shall not require pre-employment residence as a
> condition of applying for any employment with the Village and shall not grant
> any preference in recruitment or hiring to Village residents, as compared to non-
> residents. Further, the Village shall cease filling municipal employment

vacancies through use of any employment eligibility lists created while a
durational residence requirement was in effect.
                                    *   *   *
        18.     At any time five years subsequent to the entry of this Decree, the
Village may move for its termination upon a showing that the purposes of this
Decree have been accomplished.

(August 4, 1987 Decree at 1-2, 15).

On or about December 16, 1994, Judge Hart entered an order terminating the Consent

Decree.  The order stated, in relevant part:

        Defendant Village of Melrose Park having filed with this Court a Petition
to Terminate Probation and For Other Relief seeking an order terminating the
Consent Decree entered in this case on August 4, 1987 and the Supplemental
Consent Decree entered in this case on May 17, 1990, and the Plaintiff United
States having no objection to the termination of the Consent Decrees . . .

        It is hereby ORDERED, ADJUDGED AND DECREED that:

        1.      Defendant's application to terminate the Consent Decree entered
on August 4, 1987 and Supplemental Consent Decree entered on May 17, 1990 is
granted.
                                    *   *   *
        3.      The Consent Decree entered in this case on August 4, 1987 and the
Supplemental Consent Decree entered in this case on May 17, 1990 are hereby
terminated.

(December 16, 1994 Order at 1-2).

According to plaintiff's complaint, Melrose Park currently "maintains a residency

requirement for police officers," such that its police officers are required to live in Melrose Park.

(Complt. ¶¶ 9, 10).  Plaintiff also alleges that residency is required by the Collective Bargaining

Agreement (CBA) that applies to plaintiff.  Sgt. Lavalais, however, alleges that he is exempt

from the requirement.  He alleges that Melrose Park's application of the residency requirement

to him is discriminatory on the basis of his race.

## II.     LEGAL STANDARDS

Plaintiff seeks a preliminary injunction, which is "an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To do so, plaintiff must first "make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Turnell*, 796 F.3d at 662. If plaintiff gets that far, the court then "considers: (4) the irreparable harm the moving party will endure if the preliminary injunction is wrongfully denied versus the irreparable harm to the nonmoving party if it is wrongfully granted; and (5) the effects, if any, that the grant or denial of the preliminary injunction would have on nonparties (the 'public interest')." *Turnell*, 796 F.3d at 662.

In addition to plaintiff's motion for preliminary injunction, the court also considers defendant's motion to dismiss plaintiff's complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies this standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombley*, 550 U.S. at 555.

**III. ANALYSIS**

The court first notes that it has original jurisdiction over this case, because, in Count III, plaintiff asserts that defendant discriminated against him in violation of 42 U.S.C. § 1981.

**A.      Plaintiff's motion for preliminary injunction**

In his motion for preliminary injunction, plaintiff argues that defendant should be enjoined from requiring plaintiff to follow the order (to reestablish residency in Melrose Park) it gave plaintiff in the September 1, 2016 letter.  Plaintiff claims that the letter violates the 1987 Consent Decree.

Plaintiff argues that "he can succeed on the merits since there is nothing ambiguous about the Consent Decree."  (Plaintiff's Memorandum [Docket 5-1] at 6).[1]  In essence, plaintiff's claim is one to enforce the 1987 Consent Decree.  Such a claim has a number of problems, not the least of which is that it is unclear whether a person who has worked for Melrose Park for about 25 years has standing to enforce a Consent Decree whose purpose was to eliminate *pre*-employment residency requirements.  *See Franz v. Village of Melrose Park*, 1992 WL 198931 at *4.  The court need not consider that or other problems with the claim, however, because plaintiff has no chance of succeeding on the merits of the claim.

Plaintiff cannot prevail on a claim to enforce the consent decree, because it is no longer in effect.  The August 4, 1987 Consent Decree which plaintiff seeks to enforce was terminated on December 16, 1994.  It is no longer in effect, and no one, including plaintiff, could prevail on a claim to enforce it now.

---

[1]The court notes that in seeking preliminary injunctive relief, plaintiff does not argue that he is likely to succeed on the merits of his §1981 claim.

Plaintiff disagrees for two reasons, neither of which is compelling. First, plaintiff argues that by its very terms, the Consent Decree is perpetual. Specifically, plaintiff argues that because the Consent Decree said Melrose Park was "permanently enjoined and restrained," the terms of the Consent Decree still apply. (Plaintiff's Memorandum [Docket 5-1] at 14) ("Melrose Park's argument is plain wrong since the verbiage 'permanent' (¶¶2-3) means forever not until 1994 (end of court supervision."). The court disagrees. When, in an injunction order, a court enjoins behavior "permanently," that does not mean the party is enjoined forever without the possibility of change. Instead, a court uses the word "permanently" to distinguish between the two types of injunctions: preliminary and permanent. *See University of Texas v. Camenisch*, 451 U.S. 390, 394-96 (1981) (explaining the differences between preliminary and permanent injunctions). Inclusion of the word "permanent" or "permanently" merely designates that the parties have already had a determination on the merits. *Id*. at 396 ("Where . . . a federal district court has granted a permanent injunction, the parties will already have had their trial on the merits.").

Courts have the inherent power to alter, amend or terminate an injunction. *United States v. Swift & Co.*, 286 U.S. 106, 114 (1932) ("We are not doubtful of the power of a court of equity to modify an injunction in adaptation to changed conditions, though it was entered by consent. . . . A continuing decree of injunction directed to events to come is subject always to adaptation as events may shape the need."). In this case, Judge Hart, in 1994, entered an order terminating the 1987 Consent Decree.

Plaintiff seems to recognize a court's inherent power to change or terminate a consent decree but seems not to recognize that Judge Hart already did so. Plaintiff's second argument seems to be that Judge Hart should not have terminated the consent decree, because the "past

intentional discrimination by Melrose Park clearly has not been remedied." (Plaintiff's Memorandum [Docket 5-1] at 15). That, of course, was an issue for Judge Hart to consider more than 22 years ago. It is not a question for this court, which does not sit as an appellate court to reconsider decisions made by other district judges long ago.

In sum, plaintiff has no chance of prevailing on the merits of his claim that defendant is violating the 1987 Consent Decree which was terminated in 1994. Accordingly, his motion for preliminary injunction is denied.

### B.      Plaintiff's motion to hold defendant in contempt

The court next considers plaintiff's request that defendant be held in contempt of court. Plaintiff's theory on why defendant should be held in contempt is that defendant violated the August 4, 1987 Consent Decree when it sent plaintiff the September 1, 2016 letter ordering him to reestablish residency in Melrose Park within one year lest he be discharged.

To prevail on a motion to hold another in contempt, the moving party:

> must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply.

*United States SEC v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

Here, plaintiff has not made the sufficient showing. The August 4, 1987 Consent Decree was terminated by Judge Hart in 1994. Because the August 4, 1987 Consent Decree was no longer in effect on September 1, 2016 (when defendant sent the letter plaintiff believes violated the Consent Decree), defendant could not have violated the Consent Decree that day.

Plaintiff's motion to hold defendant in contempt is denied.

### C.     Defendant's motion to dismiss

The court next considers defendant's motion to dismiss plaintiff's complaint.  Plaintiff's complaint lists three claims, and defendant moves for the dismissal of all three.

#### 1.     Plaintiff's claims based on the Consent Decree

In Count I, plaintiff claims defendant is in violation of the 1987 Consent Decree. Defendant moves to dismiss on the grounds that the 1987 Consent Decree was terminated.  For the reasons the court explained above, the court agrees.  The defect in Count I cannot be cured by amendment.  Accordingly, the court dismisses Count I with prejudice.

In Count II, plaintiff seeks a declaration that defendant violated the 1987 Consent Decree.  Defendant moves to dismiss this count, and the court agrees for the same reasons as above.  Accordingly, the court dismisses Count II with prejudice.

#### 2.     Plaintiff's § 1981 claims

Count III is different.  In Count III, plaintiff asserts that defendant violated 42 U.S.C. § 1981 when it sent him the September 1, 2016 letter.  Plaintiff asserts that defendant's action constituted both discrimination on the basis of his race and retaliation for his having scored "a significant legal victory against Defendant in *Lavalais v. Village of Melrose Park*, 734 F.3d 629 (7th Cir. 2013)."  (Complt. ¶ 21).

Section 1981 grants all persons "the same right in every State and Territory to make and enforce contracts" as "is enjoyed by white citizens."  42 U.S.C. §1981(a).  Section 1981(b) defines "make and enforce contracts" to include "the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship."  42 U.S.C. § 1981(b).  In the employment

context, claims under § 1981 are considered under the same standards used for Title VII. *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 403-4 (7th Cir. 2007).

Defendant moves to dismiss the retaliation claim in Count III on the grounds that plaintiff has not plausibly alleged a causal connection between the allegedly protected conduct (which occurred in 2013) and the September 1, 2016 letter. The court agrees that plaintiff has included no allegations that would suggest a connection between the two events. Although plaintiff need to put forth *evidence* of a causal connection, he must allege more than he has here. The Seventh Circuit has said, "If the best a plaintiff can do is allege that he engaged in protected activity and then, years later, the employer took an adverse action against him, the claim may not be permitted to proceed." *Carson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) (citing *Carmody v. Board of Trustees of Univ. of Ill.*, 747 F.3d 470, 480 (7th Cir. 2014) (affirming district court's decision to dismiss for failure to state a claim because "the three years separating the [protected conduct] and his firing made his claim implausible.")). Where, as here, plaintiff has alleged nothing other than that he suffered an adverse action three years after the allegedly protected conduct occurred, his claim is not plausible. The court dismisses the retaliation claim with leave to amend.

As to the discrimination claim, defendant argues that plaintiff has not alleged an adverse employment action. As defendant describes plaintiff's allegations, plaintiff has alleged only that defendant has threatened to fire him, and a mere *threat* of termination is not an actionable adverse employment action. The court agrees with defendant that "unfulfilled threats that result in no harm cannot be considered an adverse employment action[.]" *Hottenrath v. Village of Slinger*, 388 F.3d 1015, 1030 (2004). For example, in *Ajayi v. Aramark Bus. Serv., Inc.*, which

defendant cites, the plaintiff had been told she would be demoted in two weeks; but, her employer never demoted her. When she later sued (on that and other claims), the district court granted summary judgment to the employer, and the Seventh Circuit affirmed explaining, "An unfilfilled threat, which results in no material harm, is not materially adverse." *Ajayi v. Aramark Bus. Serv., Inc.*, 336 F.3d 520, 531 (7th Cir. 2003).

Defendant views plaintiff's alleged adverse action too narrowly. Yes, plaintiff has been threatened with termination. That is not all, though. He has also been ordered to establish residence in Melrose Park within one year (or be terminated). The location of plaintiff's residence could be thought of as a condition of employment, and, therefore, his employer's order to change it, if discriminatory, could violate § 1981. In this court's view, plaintiff has stated a claim for discrimination. He may not be able to prove the claim, but he has stated one. The court denies the motion to dismiss the discrimination claim in Count III.

IV.    **CONCLUSION**

For these reasons, the court denies plaintiff's motion [5] for preliminary injunction and to hold defendant in contempt. The court grants in part and denies in part defendant's motion [21] to dismiss. The court dismisses Counts I and II with prejudice. The court dismisses the retaliation claim (but not the discrimination claim) in Count III without prejudice.

Plaintiff is granted until May 12, 2017 to file an amended complaint, if he chooses. Defendant is granted until May 26, 2017 to answer or otherwise plead. This case is set for status on June 2, 2017.

Date:   April 28, 2017                                            /s/                          
                                                                 Joan B. Gottschall
                                                                 United States District Judge